Filed 8/25/15  P. v. Swain CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RAYMOND SWAIN, JR.,<br><br>    Defendant and Appellant. | F068621<br><br>(Super. Ct. No. FP003514A)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Kenneth C. Twisselman, II, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Gomes, Acting P.J., Kane, J. and Detjen, J.

Appellant Raymond Swain, Jr., originally appealed from an order pursuant to the Sexually Violent Predator Act (SVPA) (Welf. & Inst. Code, § 6600 et seq.) civilly committing him to the State Department of Mental Health for an indeterminate term. On March 3, 2010, this court remanded to the trial court for it to determine whether sufficient justification existed for treating sexually violent predators (SVP's) differently than mentally disordered offenders (MDO's) and defendants who are found not guilty by reason of insanity (NGI's). (*People v. Swain* (Mar. 3, 2010, F056514).)

On this appeal, Swain contends he was denied his right to due process and the equal protection of the law because on remand the trial court denied his equal protection claim without holding an evidentiary hearing. We affirm.

## FACTS

The commitment petition for Swain was filed on February 16, 2007, and went to a jury trial on November 5, 2008. The jury concluded Swain was an SVP and the trial court ordered him committed. Swain appealed, raising several challenges to the jury's verdict, including that he had been denied his right to equal protection of the law because SVP's receive treatment disparate from other similarly situated persons, specifically, MDO's subject to the Mentally Disordered Offender Act (Pen. Code, § 2960 et seq.) and NGI's.

While Swain's appeal was pending, our Supreme Court filed its decision in *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee I*), which held, with respect to the equal protection claim raised by the defendant, that SVP's were similarly situated to MDO's and NGI's. The court remanded the matter to the San Diego County Superior Court to allow the People the opportunity to justify the disparate treatment, which had not been addressed by the trial court. (*Id*. at pp. 1208-1211.)

On March 3, 2010, in accord with *McKee I,* we remanded *People v. Swain* (F056514) back to the trial court for it "to hold proceedings to resolve the issue of

2

whether the People [could] prove a factually based justification for treating SVP's differently than MDO's and NGI's."

On June 17, 2010, and again on January 14, 2011, the trial court suspended further proceedings pending the finality of the proceedings on remand pursuant to *McKee I.*

Following an evidentiary hearing pursuant to *McKee I,* the trial court concluded that the People had met their burden of justifying the disparate treatment of SVP's. The appellate court affirmed, concluding "the trial court correctly found the People presented substantial evidence to support a reasonable perception by the electorate that SVP's present a substantially greater danger to society than do MDO's or NGI's." (*People v. McKee* (2012) 207 Cal.App.4th 1325, 1330-1331 (*McKee II*).) In reaching this conclusion, the *McKee II* court found that "the People had presented evidence (1) "'showing the inherent nature of the SVP's mental disorder makes recidivism significantly more likely for SVP's as a class than for MDO's' ([*id.*] at p. 1340); (2) 'that the victims of sex offenses suffer unique and, in general, greater trauma than victims of nonsex offenses' (*id.* at p. 1342); and (3) 'showing SVP's are significantly different from MDO's ... diagnostically and in treatment' (*id.* at p. 1344)." (*People v. Gray* (2014) 229 Cal.App.4th 285, 290 (*Gray*).)

The California Supreme Court denied review of *McKee II* on October 10, 2012, S204503.

On November 5, 2013, based on the decision in *McKee II,* the trial court in the instant matter concluded that the SVP law did not violate Swain's constitutional rights and affirmed his commitment to the State Department of State Hospitals (DSH)[1] for an indefinite term.

---

[1]    DSH was formerly known as the State Department of Mental Health.

## DISCUSSION

Swain contends that the summary denial of his equal protection claim without an evidentiary hearing denied him his right to due process because it resulted in his equal protection claim not being fully and fairly adjudicated. He also contends that *McKee II* was erroneously decided. We reject these contentions.

In *Gray, supra,* 229 Cal.App.4th 285, after a jury found that the defendant was an SVP, the court committed him to DSH for an indefinite term. (*Id.* at p. 287.) On appeal, the defendant raised numerous arguments why *McKee II* was wrongly decided and urged this court to reverse the judgment and remand to the trial court for it to hold an evidentiary hearing on his equal protection claim. In rejecting the defendant's contentions, we noted that every published opinion to consider the issue had concluded that the applicable version of the SVPA passed muster under the strict scrutiny test and had found *McKee II* persuasive. (*Gray, supra,* 229 Cal.App.4th at pp. 291-292.) Swain has not offered any persuasive reasons why we should not follow *McKee II* or our opinion in *Gray*. In accord with these authorities, we reject Swain's due process and equal protection claims.

## DISPOSITION

The judgment is affirmed.

4